LOTTINGER, Judge.
This is a suit on a promissory note and mortgage filed by Maurice W. Reeves, the payee on the said promissory note against James W. Winborn, the maker of the note and the defendant in this suit. The Lower Court awarded a judgment in favor of petitioner in the full amount of his demand, and the defendant'has taken this appeal.
The promissory note and the mortgage on real property, which was on a chattel mortgage form, were both dated June 30, 1958. The note is payable to the order of petitioner herein in the sum of $1,600.00 payable on June 30, 1959. The promissory note provides for interest at the rate of eight (8%) per cent per annum from maturity until paid, and for twenty (20%) per cent as attorney fees. The mortgage, which is on a chattel mortgage form, bears against three lots of ground situated in Baton Rouge. The petition sets forth that nothing has been paid on the said note, and petitioner seeks judgment in the full amount of principal, plus interest and attorney fees.
The defendant filed an answer in which he pleads partial payment of the note in the amount of $1,550.00, said payment being represented by a credit granted defendant on July 29, 1960. The defendant admitted, and made legal tender to petitioner of the sum of $246.20, representing the principal balance, plus interest and attorney fees, as of the date of filing of the suit plus an additional sum of $15.00 as Court costs, and *532 deposited the said sum in the registry of the Court simultaneously with the filing of his answer. After the judgment was rendered against defendant, and appeal was taken, the defendant withdrew the deposit.
The evidence discloses that at about the time of the execution of the note and the mortgage, an agreement was entered into by and between the petitioner and the defendant under which the defendant was to construct a house for petitioner on the property which was the subject of the mortgage, and which was owned by the defendant at the time. The agreement was that the structure would be constructed by defendant for a cost of $12,200.00. During the period of the construction, certain changes were made in the plans, which increased the cost, and the petitioner decided to secure an FHA mortgage instead of a conventional mortgage, as he had originally intended, which increased the total cost because of the discount and additional legal fees. On January 5, 1960 an agreement to purchase was executed by the parties, wherein petitioner agreed to purchase the house from defendant for the sum of $15,-800.00. This agreement showed a cash deposit by petitioner of the sum of $1,600.00. Also dated during the year 1960, is the closing statement showing the cost of the house at $15,800.00, and a “previous” deposit of $1,550.00.
The whole dispute centers about the sum of $1,600.00 which was paid by petitioner to defendant at the time of the execution of the promissory note and mortgage. The defendant claims that this sum of $1,600.00 was actually a down payment toward the purchase price of the house to be constructed by the defendant for petitioner, in that defendant signed the note and mortgage in lieu of a receipt merely to show the payment of this sum toward the complete purchase price. On the witness stand the defendant admitted that he erred in giving a note and mortgage instead of a receipt, however, he stated that he was new in the construction business at the time.
The petitioner, on the other hand, claims that this sum of $1,600.00 was for the construction of certain sewerage pipelines to the house which was being constructed, and that he loaned this sum to the defendant over and above the cost of the home which the defendant was constructing for petitioner.
The Lower Court, in its reasons for judgment, stated that he who alleges payment must prove it by a preponderance of the evidence, and held that the defendant failed to prove payment. In its reasons, the Lower Court stated that it had only the word of defendant against the word of petitioner, and that this was not a preponderance of the evidence.
The testimony of the petitioner himself indicates that the $1,600.00 was given as a deposit toward the purchase price of the house. The petitioner testified that the sum of $1,600.00 was the total amount that he paid the defendant in this transaction. The difference of $50.00 between the sum paid and the amount given as credit was because of the difference between the total cost of construction and the loan value. The record, therefore, indicates to us that the sum of $1,550.00 which was given by defendant to petitioner as a credit was actually in partial repayment of the indebtedness represented by the promissory note and mortgage. We feel that the Lower Court erred in holding otherwise, and the judgment of the Lower Court will be amended accordingly.
Inasmuch as the defendant made a deposit in the registry of the Court of the full balance of principal, interest and attorney fees, plus $15.00 toward Court costs, on June 16, 1961, which is the amount we found to be due, we feel that the defendant should not be charged any interest or Court costs occurring after the said date.
For the reasons hereinabove assigned, the judgment of the Lower Court is amended so as to provide judgment in favor of petitioner and against defendant in the *533 amount of $1,600.00, less a credit thereon of $1,550.00 as of July 29, 1960, plus interest on $1,600.00 from June 30, 1959 to July 29, 1960 and interest on $50.00 from July 29, 1960 to June 16, 1961, computed at the rate of eight (8%) per cent per annum, plus attorney fees on the principal balance and interest due at the rate of twenty (20%) per cent thereof, or the sum of $15.-00, whichever is greater. All costs of this proceeding shall be paid by petitioner except the sum of $15.00 thereof which is assessed to defendant.
As amended, the judgment of the Lower Court will be affirmed.
Amended and affirmed.